JAMES A. COLLINS, administrator of the estate of WIL-LIAM H. WITHAM, deceased, plaintiff in error, *v.* GREENLEAF C. ROBINSON, defendant in error.

*Error to Morgan.*

A subsequent agreement, whether verbal or written, to make a contract payable at a specified place, does not confer jurisdiction on the Circuit Court, to award its process to a different county from that in which the Court is held. Under the statute, the contract is an entire thing, and cannot be made at different times, even on the same day.

Where a declaration did not show that the Court below had jurisdiction, and upon demurrer to a plea in abatement to the jurisdiction of the Court, the Court below decided for the defendant, and dismissed the cause, refusing permission to the plaintiff to reply: *Held,* that the Supreme Court would not investigate the regularity of the proceedings upon the plea and demurrer.

THIS cause was decided in the Court below, at the November term, 1839, before the Hon. William Thomas.

M. McCONNEL and J. A. McDOUGALL, for the plaintiff in error.

J. J. HARDIN, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court :

The summons issued in this cause was directed to the sheriff of Schuyler county.

The declaration is in *assumpsit,* and states, that at the county of Morgan, the defendant made his certain promise in writing, dated the 20th day of April, 1835, by which Robinson, the defendant below, promised that on the first day of January, 1836, he would deliver to the said Witham, now deceased, or order, due bills on good and responsible men, endorsed by him, said defendant, for the amount and sum of $ 568,74, in consideration of certain goods sold by said Witham to said Robinson, which were afterwards, to wit, on the 20th day of April, 1835, agreed to be

paid and delivered to the said Witham, in Morgan county. The declaration contains no averment that Morgan county is the residence of the plaintiff.

The record contains several contradictory motions and orders, which it is unnecessary to notice.

At the second term after the return of the summons, a plea in abatement was filed, to which the plaintiff demurred, and the defendant joined. The Court below overruled the demurrer, and refused leave to the plaintiff to answer the defendant's plea in abatement; and thereupon quashed the writ, and dismissed the suit.

The assignment of errors questions the right of the defendant to file a plea in abatement at the third term, and avers that the Court erred in refusing permission to the plaintiff to file a replication to the defendant's plea in abatement.

It is however unnecessary for the Court to express any opinion upon the regularity of these proceedings, as the declaration is defective, in not showing that the Circuit Court of Morgan county had jurisdiction over the person of the defendant. Doubtless the plaintiff intended to confer jurisdiction on the Circuit Court of Morgan county, by the averment contained in the declaration, that after the making of the within contract to deliver the due bills, the defendant subsequently, on the same day, agreed to deliver them in Morgan county. This we consider insufficient.

The language of the statute authorizing process to be issued to a different county from that from which it emanates, is, "That hereafter, it shall not be lawful for any plaintiff to sue a defendant out of the county where the latter resides, or may be found, except in cases where the debt, contract, or cause of the action accrued in the county of the plaintiff, or where the contract may have specifically been made payable, when it shall be lawful to sue in such county, and process may issue against the defendant, to the sheriff of the county where he resides." (1) The contract designated in this provision of the statute, is an entire thing, and cannot be made at different times, so as to justify issuing the process to a different county. A subsequent agreement, whether written or verbal, to make a contract payable at a specific place, does not confer jurisdiction on the Circuit Court to award its process to a different county from that in which the Court is held.

The declaration being in this respect defective, it would be a useless expense to the parties, to send the cause back, even if the Court should be of opinion that the proceedings below were irregular. The judgment consequently is affirmed.

*Judgment affirmed.*

*Note.* See Beaubien *v.* Brinckerhoff, *Ante* 269, and note; Sheperd *v.* Ogden, *Ante* 257.

(1) R. L. 145; Gale's Stat. 166.